UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DEMETRUS COONROD | ) | |
| | ) | |
| v. | ) | NO. 1:05-cv-144 |
| | ) | (Cr: 1:03-CR-68) |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM OPINION**

Demetrus Coonrod has filed a *pro se* motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255. In 2003, the Petitioner pleaded guilty to and was convicted of one count of conspiracy to commit robbery, in violation of 18 U.S.C. § 371, and two counts of armed robbery, in violation of 18 U.S.C. § 1951(f). For these offenses, she received concurrent 84-month terms of imprisonment, to be followed by three years of supervised release.

The Petitioner now brings this § 2255 motion to vacate, asserting, as grounds for relief, that her firearms conviction under 18 U.S.C. § 924(c) was illegal;[1] her sentence enhancements were based on findings by a judge, rather than the Grand Jury, which violates her right to a jury trial as guaranteed by the Sixth Amendments to the United States Constitution; and her attorney gave her ineffective assistance. Her second claim is based, primarily, upon the holding

---

[1] In her motion, the Petitioner states she was convicted of possession of a firearm. She is mistaken, however, because the record reflects the firearm charge was dismissed [Court File No. 113 in the criminal case files]. The Petitioner may be referring to her enhancement for use of a firearm pursuant to USSG § 2B3.1(b)(2)(B), which increased her base offense level for sentencing purposes.

in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 454 U.S. 296 (2004).[2] However, for the reasons stated below, the United States Attorney will not be required to file a response, and the motion will be **DENIED**.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), effective on April 24, 1996, there is a 1-year statute of limitations for filing a § 2255 motion. *See* 28 U.S.C. § 2255. This date is triggered by one of four events; the relevant event in this case is the conclusion of direct review. The Petitioner was sentenced on September 26, 2003, and her judgment of conviction was entered on the Court's docket sheet on October 16, 2003 [Court File Nos. 113 and 121 in the criminal case files]. The Petitioner would have had ten days from the entry of the judgment order to file a notice of appeal, *see* Rule 4(b)(1)(A), Fed. R. App. P., which, in this particular case, would have been October 26, 2003. *See* Rule 26, Fed. R. App. P. No notice of appeal was filed. Thus, on this date, the Petitioner's conviction became final.

A Petitioner is afforded a one-year period from the date a judgment becomes final to file a § 2255 motion. *Hyatt v. United States*, 207 F.3d 831, 833 (6th Cir. 2000). Therefore, the Petitioner would have had, at the very latest, until October 26, 2004, to file her § 2255 motion. The Petitioner's § 2255 motion was filed on May 3, 2005, under the prison mailbox rule. *Houston v.*

---

[2] In *Blakely*, the Supreme Court held that a state court violated a defendant's Sixth Amendment right to a trial by jury by imposing, under the state's sentencing scheme, a 90-month sentence, based on a judge's determination that the offender had acted with "deliberate cruelty," where the facts admitted in his guilty plea, standing alone, supported a maximum sentence of 53 months. This increase in the penalty beyond the prescribed statutory maximum, based on a judicial determination of facts not found by the jury, ran afoul of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. In *United States v. Booker*, 125 S.Ct. 738 (2005), a case not cited by the Petitioner, the Supreme Court applied the *Blakely* reasoning to the Federal Sentencing Guidelines.

*Lack*, 487 U.S. 266 (1988). Since the statute of limitations expired on October 26, 2004 as to the Petitioner's § 2255 motion, and since the Petitioner did not file her motion until May 3, 2005, it is clearly time-barred.

The fact that the Petitioner cites to *Blakely* (now *Booker*) in support of her motion calls for no different conclusion. Though a petition is timely if it is filed within one year after the Supreme Court issues an opinion initially recognizing a right, so long as the right is newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, *see* 28 U.S.C. § 2255¶6(3), this does not mean the Petitioner's motion is timely because it was filed within one year after the *Booker* decision.

In *Booker*, the Supreme Court noted its holding should be applied "to all cases on direct review," *Booker*, 125 S.Ct. at 769, but it did not conclude that the holding applied retroactively to cases where direct appeal was completed. *See In re Anderson*, 396 F.3d 1336, 1339 (11th Cir.2005) (observing that "[w]hen the Supreme Court makes a rule retroactive for collateral-review purposes, it does so unequivocally, in the form of a holding"). Assuming that *Booker*—decided on January 12, 2005—initially recognized a right which the Petitioner is asserting, and further assuming that the right is newly recognized, *see Humphress v. United States*, 398 F.3d 855, 861 (6th Cir. 2005) (finding the *Booker* rule is "clearly new"), that date does not apply to the Petitioner's § 2255 motion because the holding in *Booker* has not been made retroactive to cases on collateral review. Indeed, the Sixth Circuit has held that *Booker* does not apply retroactively to cases on collateral review, such as this § 2255 motion.[3] *Id.*, at 860.

---

[3] Though the *Apprendi* decision (also cited by the Petitioner) is not retroactive either, *see Goode v. United States*, 305 F.3d 378, 385 (6th Cir.2002), any asserted right based on *Apprendi* would involve an issue of waiver—not retroactivity. This is so because the 2000 decision in

3

In accordance with the above reasoning, the Court **FINDS** this motion to vacate is time-barred.

An order will enter in accordance with this opinion.

**ENTER**:

                         **/s/**
                 **CURTIS L. COLLIER**
        **UNITED STATES DISTRICT JUDGE**

---

*Apprendi* preceded the Petitioner's 2003 conviction and because *Appendi*-based claims not offered during the plea proceedings or on appeal would be considered waived. *Peveler v. United States*, 269 F.3d 693, 699 (6th Cir. 2001); *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).